**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10632 |
| Plaintiff - Appellee, | D.C. No. 4:12-cr-00533-JGZ |
| v. | |
| JOEL GUERRA-TAPIA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Daniel L. Hovland, District Judge, Presiding[**]

Submitted November 19, 2013[***]

Before:     CANBY, TROTT, and THOMAS, Circuit Judges.

Joel Guerra-Tapia appeals from the district court's judgment and challenges

the three-year term of supervised release imposed following his guilty-plea

conviction for reentry after deportation, in violation of 8 U.S.C. § 1326.  We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Daniel L. Hovland, United States District Judge for the District of North Dakota, sitting by designation.

[***]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291, and we affirm.

Guerra-Tapia contends that the district court procedurally erred by failing to make findings and explain why a term of supervised release was warranted in light of U.S.S.G. § 5D1.1(c) (2011), which directs that a district court ordinarily should not impose supervised release if the defendant is a deportable alien. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and find none. Guerra-Tapia has not shown a reasonable probability that he would have received a different sentence had the district court given explicit consideration to section 5D1.1(c). *See United States v. Dallman*, 533 F.3d 755, 762 (9th Cir. 2008).

Guerra-Tapia also contends that the three-year term of supervised release is substantively unreasonable. The district court did not abuse its discretion in imposing Guerra-Tapia's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The sentence is substantively reasonable in light of the totality of the circumstances, including Guerra-Tapia's multiple prior deportations and criminal history. *See id.*; *see also* U.S.S.G. § 5D1.1 cmt. n.5 (supervised release for a deportable alien is appropriate if it would provide an added measure of deterrence and protection).

**AFFIRMED.**